Filed 01/30/26

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03940

| Christopher Kerr et al v. Jake Clark d/b/a JC's Property Management |
|---|

## ENTRY REGARDING MOTION

Title:       Motion for Attorney's Fees (Motion: 8)
Filer:       Harold B. Stevens, III
Filed Date:  November 10, 2025

The motion is DENIED.

The American Rule ordinarily prohibits an award of attorney's fees absent a specific statutory provision or an agreement of the parties." *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, ¶ 5, 178 Vt. 77. The parties here did not reach an agreement with respect to attorney's fees. Plaintiffs cite the Prompt Pay Act, which provides that "the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorney's fees in an amount to be determined by the court or arbitrator, together with expenses." 9 V.S.A. § 4007.

Plaintiff property owners were awarded default judgment on their claim that they paid defendant contractor $10,000 for work that was never completed. The Prompt Pay Act governs the payment obligations of owners, contractors, and subcontractors. *See* 9 V.S.A. §§ 4002, 4003. The Legislature enacted the Act to ensure "the Prompt Payment of Construction Invoices." *See* 1991, No. 74. The court concludes that a proceeding "to recover any payment within the scope" of the Act means a proceeding initiated by a contractor or subcontractor to recover unpaid invoices. A property owner can nonetheless recover attorney's fees under the Act by, for example, successfully defending an unpaid-invoice claim on the basis of defective workmanship. *See* 9 V.S.A. §§ 4007(a)(c). But the Act's attorney fee provision does not extend the owner's standalone breach-of-contract claim for uncompleted work. Accordingly, the court concludes the American Rule applies, and plaintiffs' request for attorney's fees is denied.

Electronically signed on: 1/30/2026 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge